**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,
    Plaintiff,
v.                                                                               Case No. 21-80026-CR-CANNON

MANUEL TOPETE,
    Defendant.
_____/

## **DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE AND/OR A VARIANCE AND MEMORANDUM CONCERNING SENTENCING FACTORS**

Defendant, MANUEL TOPETE, through undersigned Court-appointed counsel, files his Motion for a Downward Departure and/or a Variance and submits this Memorandum in aid of Sentencing.

Defendant has not filed any Objections to the PSR. Based upon the PSR, paragraph 139, defendant's total offense level at this time is 23, and his criminal history category is II, with a guideline range of 51-63 months.

For the reasons set forth below, Defendant requests a departure or variance. Defendant has accepted responsibility and has provided a safety valve statement to the government detailing his involvement in this case. Based on those matters, the Government does not object in the plea agreement to a downward variance of 2 levels to reflect the reduction currently contemplated in Section 2D1.1(b)(18) of the Guidelines, with the proviso that the Defendant may seek a more substantial variance. With that 2 additional level reduction, Defendant would be at level 21 with guidelines of 41-53 months.

Defendant suggests that a sentence substantially less than 41 months will be sufficient in this case to address all 18 U.S.C. Section 3553 factors, with which this Court is well familiar. Defendant further maintains that a below guidelines sentence also comports with the current state of federal sentencing law set forth in the series of United States Supreme Court decisions in **Koon**, **Booker**, **Gall**, **Kimbrough**, **Rita** and **Nelson.**

## History and Characteristics of Defendant TOPETE

Among the 10 Section 3553 factors set forth by the 11th Circuit in **United States v. Talley**, 431 F.3d 784, 786 (11th Cir,2005), is the history and characteristics of the Defendant. Defendant TOPETE was born and has lived his entire life in Escondido, California, and the surrounding area. He presently lives there with his parents in their home, along with his sister, Claudia, and her 2 young children. He is very involved and helpful with the children, according to his sister (PSR par. 112). He has only a high school education.

The Indictment charged 8 persons and listed several other unindicted co-conspirators and involved a multi-state investigation of over 1 year prior to the arrest of all defendants. According to paragraphs 54-60 of the PSR, it is apparent that Defendant's involvement was limited to March 25-26, 2020, during which time he flew, with 3 other defendants, to and from San Diego CA and West Palm Beach, Fl. While in West Palm Beach, Defendant's actions as a member of this conspiracy as set forth in the PSR consisted of counting some of the cash involved (par.54) and keeping watch (par.55). These actions reflect his very limited involvement.

Since August 20, 2020, Defendant has been employed full time as a warehouse manager for Crest Beverage, LLC and earns between $1200-$1600 bi-weekly, depending on overtime. His prior jobs included labor and sales work. He aspires to get a commercial driver's license for a job promotion. He is in good physical condition and has no current medical or mental health problems.

Defendant submits that his minimal prior criminal record, his acceptance and complete safety valve statement provided to the government, past and potential future gainful employment, and the help he provides his sister with her children, provide a basis for a substantial downward departure or variance.

## Other Section 3553 Factors

As to the other Section 3553 factors, Defendant fully understands the seriousness of this offense, has admitted his unlawful conduct and will accept his punishment. Since he has only 1 prior criminal offense for a burglary on September 20, 2011, about 10 years ago, Defendant is not likely to ever commit another crime following release. He has a supportive family and should be able to resume his prior employment, or even better employment, upon release.

A guideline sentence here using the applicable factors is too harsh and greater than necessary to accomplish the 3553 objectives. A lower sentence will serve as an adequate

deterrent to Defendant and others, will protect the public and will provide just punishment.

## CONCLUSION

Defendant respectfully requests a downward departure or variance to a sentence minimally sufficient to achieve the statutory purpose of punishment considering the sentencing factors, but substantially less than the low end – 41 months - of the applicable guidelines. Although Defendant is not eligible for probation (PSR pars. 143-144), Defendant suggests that a community control - house arrest sentence, or a split sentence would be appropriate here. Alternatively, Defendant suggests a prison sentence in the range of 18-24 months. Any of the above recommendations would provide a sufficient enough sentence consistent with the intent of the Guidelines.

Respectfully submitted,

JOHN F. O'DONNELL, ESQ.
Attorney at Law
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
Telephone:    954-563-9993
Facsimile      954-566-7754
Email:  odonnell_john@bellsouth.net

By:  s/s _____
           JOHN F. O'DONNELL, ESQ.
           FBN: 264891

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed this Motion through CM/ECF and that a copy of this Motion has therefore been electronically transmitted to Marton Gyires, Esq., and all others entitled to electronic notice on

September 29, 2021.

_s/s_____  _____
JOHN F. O'DONNELL, ESQ.

3